IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN ACOSTA-CIBRIAN,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Civil No.: 2:25-cv-06650 |
| ACTING DIRECTOR MICHAEL T. ROSE, et al.<br>    Defendants. | :<br>:<br>: |

**ORDER**

**AND NOW**, this 9th day of December, 2025, upon consideration of Edwin Acosta-Cibrian's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 5), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Mr. Acosta-Cibrian is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Acosta-Cibrian from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on December 10, 2025;

3. If the Government chooses to pursue re-detention of Mr. Acosta-Cibrian pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

---

[1] Mr. Acosta-Cibrian continuously resided in the United States for more than twelve years. *See* Verified Pet. for Habeas Corpus ¶ 1. He arrived on or about June 29, 2013, when he was eight

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

years old. *Id.* When he entered the United States in 2013, border officials detained him for approximately 20 days. *Id.* The Department of Homeland Security ("DHS") issued a Notice to Appear for proceedings in Immigration Court before transferring Plaintiff to a juvenile detention facility for unaccompanied minors. *Id.* ¶¶ 1-2. On or about July 17, 2013, the DHS and the Office of Refugee Resettlement released Plaintiff to his parents in Philadelphia, Pennsylvania. *Id.* at ¶ 2. Mr. Acosta-Cibrian has remained in the United States since then. *Id.* at ¶ 3. On November 21, 2025, ICE arrested Mr. Acosta-Cibrian on his way to work. *Id.* ¶ 36.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Acosta-Cibrian has failed to exhaust his administrative remedies, (3) Mr. Acosta-Cibrian is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (4) Mr. Acosta-Cibrian's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). Accordingly, Mr. Acosta-Cibrian's mandatory detention without the opportunity for a bail hearing is unlawful.